IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

GERALD R. MOLLOHAN and
BROTHERS OF THE WHEEL
MOTORCYCLE CLUB NOMADS, INC.,

    Plaintiffs/Counterclaim Defendants,

v.                                          Case No. 2:13-cv-32251

PAUL D. WARNER,
RAY EDWIN CAREY,
DONALD PRICE,
BROTHERS OF THE WHEEL M.C.
EXECUTIVE COUNCIL, INC., and
JOHN DOES 1-50/JANE DOES 1-50,

    Defendants/Counterclaim Plaintiffs,

v.

FRANK J. VISCONI,

    Counterclaim Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

       This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are two Motions for Default Judgment (ECF Nos. 9 and 30) filed by the plaintiffs and the defendants' Motion to Quash Service (ECF No. 25). For the reasons stated herein, it is respectfully **RECOMMENDED** that these motions be **DENIED**.

## **RELEVANT PROCEDURAL HISTORY**

The plaintiffs filed the initial Complaint in this matter on December 16, 2013. (ECF No. 1) On that same date, summonses were issued by the Clerk and given to plaintiff Gerald R. Mollohan for service on the defendants. The plaintiffs subsequently filed multiple Motions for Leave to Amend or Supplement the Complaint. (ECF Nos. 6, 7, 8, 15 and 43).

On January 21, 2014, the plaintiffs filed their first Motion for Default Judgment (ECF No. 9).[1] According to a Declaration filed by plaintiff Gerald R. Mollohan on January 21, 2014, the summonses and Complaint were served upon the defendants on December 17, 2013. (ECF No. 10, ¶ 2). However, this Declaration does not indicate how the summonses and Complaint were served and the plaintiffs did not provide any returns or proof of service concerning the original summonses. According to the January 21, 2014 Declaration, the plaintiffs believed that the defendants' Answer or other responsive pleadings were due on January 7, 2014. (*Id.*, ¶ 3).

On January 29, 2014, attorney Richard J. Lindroth made a "special appearance" on behalf of the defendants to file a Response to the plaintiffs' Motion for Default Judgment. In the Response (ECF No. 11), Mr. Lindroth contends that the summonses and Complaint had not been properly served on the defendants. Rather, Mr. Lindroth indicates that, what he presumed to be a courtesy copy of the Complaint was mailed by first class mail to Mr. Lindroth, who was representing the defendants in another matter involving these parties in this court. The Response further indicates that, at that time, it

---

[1] The undersigned notes that the this motion cites to Rule 55(a), which states, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the Clerk must enter the party's default." Fed. R. Civ. P. 55(a). The plaintiffs' motion requests "entry of judgment by default." Even where a party is in default, the party seeking a default judgment on a claim that does not involve a sum certain must prove entitlement to damages or other available relief.

was unclear whether Mr. Lindroth would be representing the defendants in this matter and that he was not authorized to accept service on behalf of the defendants. (*Id.* at 1-2). Accordingly, the defendants asserted that they are not subject to the court's jurisdiction until they are properly served. (*Id.* at 2).

On January 30, 2014, the plaintiffs filed a Motion for Leave to File Supplemental Information (ECF No. 12), in which the plaintiffs provided as an exhibit a certified mail return receipt indicating that the first Motion for Default Judgment was mailed to Paul Warner on January 21, 2014, and showing that Paul Warner signed for receipt of the certified mail. However, the return receipt ("green card") does not indicate the date of receipt by Mr. Warner. (*Id.*, Ex. A).[2]

On January 31, 2014, the plaintiffs filed a Declaration of Gerald R. Mollohan (ECF No. 13), in which Mr. Mollohan represents that on December 16, 2013, he mailed a copy of the Complaint to attorney Richard J. Lindroth. (*id.* at 2, ¶ 2). The Certificate of Service for this Declaration also indicates that, on January 31, 2014, a copy of the forgoing "Summons and Complaint" and "Declaration" were mailed to each of the individual defendants at their home addresses, with a return signature receipt requested. (*Id.* at 3). However, the plaintiffs did not file any return receipts that had been executed by the defendants, which would show proof of the receipt of the documents by the defendants.

On February 6, 2014, the plaintiffs filed another Declaration of Gerald R. Mollohan (ECF No. 17), stating that, according to the West Virginia Secretary of State's website, Ray E. Carey is the person to whom process may be sent on behalf of the

---

[2] Receipt of the Motion for Default Judgment is a separate matter from receipt of the Summons and Complaint which would perfect service of process.

3

Brothers of the Wheel M.C. Executive Council, Inc. The Declaration further states that "Plaintiff Mollohan has properly adhered to the rules of procedure." (*Id.* at 2). The Certificate of Service attached to the Declaration indicates that, on February 4, 2014, Gerald Mollohan mailed a "Summons and Complaint" and "the foregoing Declaration" to Ray E. Carey, with a return signature requested. (*Id.* at 2-3). The plaintiffs however, still had not presented proof of such service via a return receipt.

On February 6, 2014, the plaintiffs filed a second Declaration of Gerald R. Mollohan again stating that he had mailed a copy of the Complaint to Mr. Lindroth on December 16, 2013, and that on January 31, 2014, he mailed the Summons and Complaint to each of the individual defendants (Paul Warner, Ray Edwin Carey and Donald Price), who are officers of the corporation, by First Cass Mail and Certified Mail-Postage Pre-Paid. The plaintiffs attached the certified mail receipts showing that he mailed these packages to the defendants' addresses on January 31, 2014 (*id.*, Ex. A). However, this documentation still does not show when the defendants received the same, which is the operative date for when an Answer or other responsive pleading is due. Mr. Mollohan's second February 6, 2014 Declaration further indicates that on February 4, 2014, he mailed a copy of the Summons and Complaint to the West Virginia Secretary of State's Office by First Class Mail, postage prepaid. (*Id.* at 3).

On February 6, 2014, the plaintiffs also filed copies of the summonses for defendants Warner, Carey and Price, with the "Proof of Service" section completed by Mr. Mollohan indicating that he had served each Summons and Complaint by certified mail, return receipt requested. (ECF Nos. 20, 21 and 22). These "Proofs of Service" also state that Mr. Mollohan had mailed the Summons and Complaint to Mr. Lindroth on

4

January 31, 2014. (*Id.*) Again, these documents do not show proof of when the certified mail was received by each defendant.

On February 10, 2014, Mr. Mollohan filed another Declaration (ECF No. 23), in which he states that, on February 7, 2014, defendant Ray Edwin Carey, who is also the registered agent for service of process for the Brothers of the Wheel M.C. Executive Council, Inc., signed PS Form 3811 (also known as the "return receipt" or the "green card") acknowledging receipt of the "Summons and Complaint" and "Declaration" (ECF No. 17). Mr. Mollohan attached the return receipt to the Declaration. (*Id.*, Exhibit). The Exhibit shows Ray Carey's signature on the return receipt and also contains the Declaration contained in ECF No. 17). However, the record is still unclear as to whether any of the original summonses and a copy of the initial Complaint were received by Mr. Carey on that date, and whether Mr. Warner or Mr. Price (who is now deceased) were ever properly served with their summons and copy of the Complaint.

On February 14, 2014, the defendants, by Mr. Lindroth, made another "special appearance" to respond to a motion by the plaintiffs to hold Mr. Lindroth in contempt. (ECF No. 25). In this same document, the defendants made a motion to quash any and all attempts at service of process on the defendants, for failure to comply with the Federal Rules of Civil Procedure. (*Id.* at 2).

On February 24, 2014, the plaintiffs filed their second Motion for Default Judgment (ECF No. 30), in which they generally assert that the defendants had not responded to the Complaint and that judgment in their favor was warranted. The second Motion for Default Judgment does not offer any additional proof in support thereof.

On March 12, 2014, the defendants, by Mr. Lindroth, filed an Answer, Motion to Dismiss and Counterclaim (ECF Nos. 35 and 36).

## **ANALYSIS**

There is dispute among the parties as to when, and if, each of the defendants were properly served with their summons and a copy of the initial Complaint. First, it is apparent that the plaintiffs took no steps to attempt personal service upon any of the defendants via a competent third-party process server. Rather, Mr. Mollohan attempted to perfect service of process through the use of the United States Mail.

Pursuant to the parameters of Rule 4 of the Federal Rules of Civil Procedure, the plaintiffs' attempt to mail the summonses and Complaint to Mr. Lindroth on December 16, 2013, was insufficient to perfect service on any of the defendants, as Mr. Lindroth was not an authorized agent to accept such service on behalf of any of the defendants.

Rule 4(e)(1) of the Federal Rules of Civil Procedure incorporates the methods used by the state courts in West Virginia for service of process, which allow for service of process by certified mail, return receipt requested. However, it appears that such manner of service is only permitted where the Clerk of Court, not the plaintiff himself, prepares and sends the certified mail. Thus, it would appear that the plaintiffs' attempts to serve process by certified mail, return receipt requested may not have been a proper manner of service. Moreover, there is a dispute at to what documents were actually received by the defendants by way of certified mail. Mr. Lindroth has represented that the documents received by certified mail by the defendants, including Mr. Carey, consisted of the Motions for Leave to Amend or Supplement the Complaint, and did not include the original Complaint.

At best, if defendant Carey, as an individual defendant and as the registered agent for the corporate defendant, was properly served with the Complaint on February 7, 2014, an Answer or other responsive pleading by those defendants would have been due 21 days later, or by February 28, 2014. The Answer, Motion to Dismiss and Counterclaim filed by the defendants on March 12, 2014 fell after that deadline, which technically placed the defendants in default.

Nevertheless, the undersigned proposes that the presiding District Judge **FIND** that a default judgment against the defendants is not presently warranted. First, both of the plaintiffs' Motions for Default Judgment (ECF Nos. 9 and 30) were filed prior to the defendants' purported February 28, 2014 deadline to respond to the Complaint. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiffs' Motions for Default Judgment (ECF Nos. 9 and 30) are premature.

Furthermore, given the confusion concerning when, and if, the defendants were properly served with their summonses and the initial Complaint, the undersigned proposes that the presiding District Judge **FIND** that any default by the defendants should be excused or set aside.[3] Finally, in light of leave being granted to the plaintiffs to file an Amended Complaint which will essentially begin this matter anew, the undersigned proposes that the presiding District Judge **FIND** that the plaintiffs' requests for default judgment are moot, as the defendants will be required to respond anew to the Amended Complaint. Mr. Lindroth has indicated that he will be

---

[3] The undersigned notes that the Clerk of Court has not actually entered a default against any of the defendants, so there is no default to set aside.

representing the previously named defendants in this matter and that he is authorized to accept service of the Amended Complaint on behalf of those defendants.[4]

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiffs' Motions for Default Judgment (ECF Nos. 9 and 30), **DENY** the defendants' Motion to Quash Service (ECF No. 25), and leave this matter referred to the undersigned United States Magistrate Judge for additional proceedings.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v.*

---

[4] If any new defendants are named in the Amended Complaint, the court and the parties will need to address the issue of service upon those defendants at the time the Amended Complaint is filed.

*Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing parties and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

July 23, 2014

Dwane L. Tinsley
United States Magistrate Judge