IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GERALD R. MOLLOHAN, et al.,

                Plaintiffs,

v.                                CIVIL ACTION NO.   2:13-cv-32251

DONALD PRICE, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff Gerald R. Mollohan's[1] ("Plaintiff") two motions for default judgment (ECF 9; ECF 30) and Defendants' motion to quash service (ECF 25).  By Standing Order entered April 8, 2013, and entered in this case on December 16, 2013, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation ("PF&R").  Since that time, Plaintiff has filed over two dozen motions and many other documents on the docket.  On July 21, 2014, Magistrate Judge Tinsley held a status conference with the parties, and thereafter, on July 23, 2014, issued an Order resolving many of these motions, taking others under advisement, and granting leave for Plaintiff to file a single Amended Complaint by September 22, 2014, to effectively restart this civil action. (ECF 65.)  That same day, Magistrate Judge Tinsley also filed a PF&R (ECF 66) recommending

---

[1] As noted in the Court's prior Order (ECF 73), Plaintiff Mollohan appears to have brought multiple motions in this case—including the instant motions for default judgment—on behalf of both himself and Plaintiff Brothers of the Wheel Motorcycle Club Nomads Incorporated.  As Magistrate Judge Tinsley explained to Plaintiff Mollohan, however, corporations must be represented by licensed counsel and Mr. Mollohan is not an attorney.  Magistrate Judge Tinsley has permitted the plaintiffs until September 22, 2014, to locate counsel to represent the corporation. (ECF 65 at 2.)   Accordingly, the Court construes these motions as made by Plaintiff Mollohan individually.

that this Court deny Plaintiff's two motions for default judgment and deny defendants' motion to quash service.

Objections to the PF&R were initially due by August 11, 2014. On July 30, 2014, Plaintiff filed a motion seeking an extension of time. (ECF 68.) On August 1, 2014, Plaintiff filed a third motion seeking entry of default judgment.[2] (ECF 70.) On August 6, 2014, this Court granted in part Plaintiff's motion for an extension and extended the deadline for submission of Plaintiff's objections to the PF&R to August 25, 2014. (ECF 73.) The Court also cancelled the referral to Magistrate Judge Tinsley of Plaintiff's third motion for default judgment because the motion largely duplicated the prior two motions for default judgment that were addressed by the PF&R and the substance of the motion otherwise appears to concern the PF&R. The Court explained that it would consider this filing as both a third motion for default judgment and as objections to the PF&R. The Court further explained that it would also consider any additional objections to the PF&R, provided that such objections were timely filed with the Court as a single document raising only objections to the PF&R. On August 12, 2014, Plaintiff filed his objections to the PF&R.[3] Defendants did not seek an extension of the August 11, 2014, deadline for objections.

## I.   LEGAL STANDARD

---

[2] On August 4, 2014, Defendants responded to this motion. (ECF 72.)

[3] For the same reasons stated in footnote 1, the Court construes these objections as brought by Plaintiff individually, notwithstanding his signature line "Plaintiff, Pro Se, et al" (ECF 74 at 2). Moreover, because the motions that are the subject of the PF&R were filed by Plaintiff, the inclusion of a signature line for "Frank J. Visconi, Counterclaim Defendant" does not change this conclusion (ECF 74 at 2). Additionally, to the extent that Plaintiff Mollohan also purports to object (ECF 74 at 1) to Magistrate Judge Tinsley's July 23, 2014, Order (ECF 65), the Court observes that Plaintiff makes absolutely no argument regarding anything contained in that Order. Moreover, the Court very clearly indicated in its prior Order (ECF 73 at 2) that it would only consider objections directed at the PF&R in Plaintiff's objections to the PF&R. Accordingly, the Court presumes that Plaintiff's inclusion of a citation to ECF 65 as one of the topics of his objections was a typographical error.

Pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure, the Court must determine de novo any part of a magistrate judge's disposition to which a proper objection has been made. The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F .2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing Plaintiff's objections, this Court will consider the fact that Plaintiff is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## II. DISCUSSION

### A. *Plaintiff's Motions for Default Judgment*

The genesis of Plaintiff's multiple motions for default judgment appears to be a dispute among the parties concerning when and if each of the defendants was properly served with process. The relevant background, particularly the disputed attempts to serve process on the defendants, is set forth in the PF&R and need not be repeated here.

Plaintiff appears to lodge three distinct objections against the PF&R.

First, Plaintiff asserts a conclusory and generalized objection that the PF&R's conclusion is incorrect because Plaintiff "contends that the Defendant's [sic] response to Plaintiff's original complaint was not filed in a timely manner and/or in accordance with the [Federal Rules of Civil Procedure]." (ECF 74 at 1.) The Court is not required to review such generalized objections that fail to articulate a factual or legal reason as to why the PF&R's recommendation is in error. *See Orpiano*, 687 F.2d at 47. Moreover, Plaintiff's belief that the magistrate judge's conclusion is wrong does not make it wrong.

Moreover, the PF&R details the multiple failings with Plaintiff's motions for default judgment, including the significant confusion in the record as to when and even if each individual defendant was served. (ECF 66 at 3−6.) In consideration of the lack of specificity of Plaintiff's objections and the thorough review of the record contained in the PF&R, the Court finds that this objection provides no basis for rejecting the PF&R.

Second, Plaintiff appears to object to the PF&R on the basis that the Clerk of the Court should have already filed an entry of default, and thus, presumably, default judgment also should have been granted. (ECF 70 at 4.) This argument is entirely without merit. The PF&R explains the ways in which Plaintiff's first two motions for default judgment did not demonstrate that Plaintiff was entitled to default judgment and Plaintiff has not challenged with any specificity the PF&R's factual or legal conclusions related to those deficiencies.

Additionally, the Court observes that both of Plaintiff's motions (ECF 9; ECF 30) seek "default *judgment*." (Emphasis added.) A review of the docket does not demonstrate that Plaintiff at any time sought an entry of default pursuant to Fed. R. Civ. P. 55(a) nor were these two motions filed in a way that would alert the Clerk that Plaintiff sought an entry of default pursuant

4

to Fed. R. Civ. P. 55(a). *See, e.g.*, *Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009) (unpublished) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).") (quoting Charles Alan Wright & Arthur R. Miller, Fed. Practice and Proc. § 2682, at 13 (3d ed. 1998)).

Plaintiff's first motion for default judgment (ECF 9) does cite Fed. R. Civ. P. 55(a), but immediately following that citation Plaintiff "request[s] that entry of judgment by default be entered against Defendants . . . ." The motion is titled "Motion For Entry of Default Judgment" and attached to the motion is a proposed "Default Judgment" Order with a signature line for the district judge (ECF 9-3). Plaintiff's second motion is also seeks "default judgment" and cites no legal authority in support of the motion. (ECF 30.) And, as detailed more completely in the PF&R, neither motion nor the attachments nor the separately-filed "declarations" clearly demonstrated by affidavit or otherwise that Defendants had in fact failed to plead or otherwise defend such that the Clerk of the Court would have had occasion to enter default pursuant to Fed. R. Civ. P. 55(a). Contrary to Plaintiff's assertion, the Clerk of the Court did not make a "mistake" in not docketing an entry of default.[4]

Third, Plaintiff appears to believe that the PF&R found that Defendants were in default but nonetheless recommends denying Plaintiff's motions for default judgment. Plaintiff is wrong.

---

[4] Although courts afford pro se filings a liberal construction—and this Court has afforded this Plaintiff's filings very liberal construction on many occasions in a related case—that rule has its limits. Neither the Court nor the Clerk's Office are Plaintiff's counsel and Plaintiff cannot necessarily rely on either to reconcile confusing, conflicting, or unclear motions in his favor. On its website, the Court has available a Pro Se Handbook and a copy of the Local Rules of Procedure that it commends to Plaintiff for guidance in pursuing this civil action.

Contrary to Plaintiff's contention, Magistrate Judge Tinsley did not assert the "FACT that Defendant's[5] Response Motion to the Plaintiff's original complaint filed on December 16, 2013 was 'technically' in default by not conforming to the timeframe allotted in the 'rules' for a response." (ECF 74 at 2.)

The portion of the PF&R to which Plaintiff appears to refer, provides, in pertinent part:

> <u>At best</u>, <u>if</u> defendant Carey, as an individual defendant and as the registered agent for the corporate defendant, <u>was properly served</u> with the Complaint on February 7, 2014, an Answer or other responsive pleading by those defendants <u>would have been</u> due 21 days later, or by February 28, 2014. The Answer, Motion to Dismiss and Counterclaim filed by the defendants on March 12, 2014 fell after that deadline, which technically placed the defendants in default.

(ECF 66 at 7.) (Emphasis added.)

This discussion clearly contemplates one *possible* factual scenario. Moreover, this hypothetical articulation follows a discussion by the magistrate judge that Plaintiff's purported method of service—certified mail, return receipt requested—on defendant Carey as an individual and as the registered agent for the corporate defendant was likely not a proper manner of service[6] *and* that there was an unresolved factual dispute as to what documents were actually received by defendant Carey by certified mail. (ECF 66 at 6.)

Simply put, the above-quoted portion of the PF&R is not a factual finding by the Magistrate Judge and the Court is troubled by Plaintiff's representation of it as such. Plaintiff is advised that his decision to pursue this civil action without the assistance of counsel does not absolve him of the responsibilities to make accurate statements to the Court. *See* Pro Se

---

[5] It is not clear to which defendant or defendants Plaintiff refers.

[6] Plaintiff does not make a challenge to any of the Magistrate Judge's legal conclusions on this point, so the Court has no occasion to review them.

Handbook, § 2.3 at 3−4 ("[W]hen a party to a lawsuit presents a document to the Court, that party is verifying the accuracy and reasonableness of that document. Federal Rule of Civil Procedure 11 states that if such a submission is false, improper or frivolous, the party may be liable for monetary or other sanctions."). In light of the fact that Plaintiff elsewhere described this holding more accurately (ECF 70 at 4), however, the Court assumes that this misstatement is an unintentional outcome of Plaintiff's attempt to zealously advocate his position.

It is worth nothing that even crediting for the purposes of argument—that is, hypothetically—Plaintiff's assertion that there was a period of time between February 28, 2014, and March 12, 2014, in which Defendant Carey and the corporate defendant might be understood to have been in default, Plaintiff did not seek either an entry of default under Fed. R. Civ. P. 55(a) or move for default judgment pursuant to Fed. R. Civ. P. 55(b) during that period of time. Rather, his first "motion for entry of default judgment" was filed on January 21, 2014 (ECF 9 at 4), and his second was apparently made on February 22, 2014, and filed on February 24, 2014 (ECF 30 at 1, 3). His third, as noted above, was filed much later, on August 1, 2014, and principally as a response to the PF&R (ECF 74 at 1, 3).

Finally, the Court notes that a district court may set aside an entry of default "for good cause." Fed. R. Civ. P. 55(c). Although the decision is committed to the discretion of the district court, the Fourth Circuit has held that Federal Rule of Civil Procedure 55 must be "liberally construed" and has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417, 421 (4th Cir. 2010); *see also Tolson v.*

*Hodge,* 411 F.2d 123, 130 (4th Cir. 1969) ("Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so the case may be heard on the merits.").

Here, *had* an entry of default been entered, in consideration of the record already developed the Court has no trouble concluding that under the relevant factors such default would have been set aside. *See Payne v. Brake,* 439 F.3d 198, 204–05 (4th Cir. 2006) (explaining that when deciding whether to set aside an entry of default, a district court should consider: (1) whether the moving party has a meritorious defense, (2) whether it acts with reasonable promptness, (3) the personal responsibility of the defaulting party, (4) the prejudice to the party, (5) whether there is a history of dilatory action, and (6) the availability of sanctions less drastic).

For all of these reasons, the Court **OVERRULES** Plaintiff's objections [ECF 70; ECF 74.]

Additionally, to the extent that Plaintiff's third "motion for entry of default judgment" (ECF 70) also independently asserts that Plaintiff served Defendants with process and asserts that defendants were or are in default, such motion simply restates arguments rejected in the PF&R and is also not responsive to the PF&R. Moreover, at the time of this motion's filing no entry of default had been entered and Defendants had already filed an answer. Accordingly, to the extent that this motion [ECF 70] requests a default judgment as of the August 1, 2014, date of filing, it is **DENIED**.

### B. *Motion to Quash*

Defendants did not move to extend the time in which to file objections to the PF&R and have not otherwise filed an objection. Moreover, a review of the record suggests that the PF&R's recommended disposition of this Motion to Quash [ECF 25] is proper, particularly in light of Magistrate Judge Tinsley's permitting Plaintiff until September 22, 2014, to file an Amended

8

Complaint and defendants' counsel's indication that he is authorized to accept service of the Amended Complaint on behalf of the defendants.

### III.     ADDITIONAL MATTERS

This Court expects that in every case litigants and counsel will proceed in a respectful, diligent, and organized manner. Unfortunately, prior litigation between these parties has not always lived up to that expectation, and a review of the docket suggests that this case is already at risk of spiraling into unnecessary and avoidable chaos. Magistrate Judge Tinsley's July 23, 2014, Order presents a reasonable and equitable solution to the confusing and disputed record that exists with respect to service of process and the multitude of motions—including multiple motions to amend the Complaint—already filed by Plaintiff in this case. It is also consistent with the Fourth Circuit's "strong preference that . . . defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory*, 616 F.3d at 417, 421.

In consideration of both this disposition and the litigation history between these parties, however, the Court finds that it will be helpful at this early stage of the case to provide the parties with notice of some critical expectations of all parties that have appeared and that may appear.

First, the parties are expected to comply with the Orders of this Court and Magistrate Judge Tinsley. Timely requests for extensions to deadlines will be considered on an individual basis.

Second, the parties may of course file any motions, responses, and replies that they deem necessary and appropriate and that are in accordance with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure. The Court will not, however, continue to tolerate the pursuit of piecemeal litigation that unnecessarily burdens this Court and Magistrate Judge Tinsley at the expense of other litigants. Motions that entirely duplicate motions already filed will be stricken.

9

Additionally, all motions should clearly state to the best of each party's abilities the relief sought and the facts, legal authority, and argument in support of that relief. *See* L.R. Civ. P. 7.1(a)(1) ("All motions shall be concise, state the relief requested precisely, and be filed timely but not prematurely."). In this regard, the parties are encouraged to focus their energies on quality over quantity.

Third, the parties are expected to conduct themselves civilly and professionally. This means, among other things, that a party's first response to a dispute or disagreement should not be to file a motion for sanctions or motion to hold the other party in contempt. The filing of frivolous motions for contempt or sanctions will have precisely the opposite effect intended.

## IV. CONCLUSION

For these reasons, the Court **ADOPTS** the PF&R [ECF 66], **OVERRULES** Plaintiff's objections to the PF&R [ECF 70; ECF 74], **DENIES** Plaintiff's first and second motions for default judgment [ECF 9; ECF 30], **DENIES** Plaintiff's third motion for default judgment to the extent that such motion is an independent motion and not simply objections to the PF&R [ECF 70], **DENIES** Defendants' motion to quash service [ECF 25], and **ORDERS** that this civil action remain referred to Magistrate Judge Tinsley for additional proceedings.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 20, 2014

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

10