## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON

**GERALD R. MOLLOHAN and
BROTHERS OF THE WHEEL
MOTORCYCLE CLUB NOMADS, INC.,**

        **Plaintiffs/Counterclaim Defendants,**

**v.**                                        **Case No. 2:13-cv-32251**

**PAUL D. WARNER,
RAY EDWIN CAREY,
DONALD PRICE,
BROTHERS OF THE WHEEL M.C.
EXECUTIVE COUNCIL, INC., and
JOHN DOES 1-50/JANE DOES 1-50,**

        **Defendants/Counterclaim Plaintiffs,**

**v.**

**FRANK J. VISCONI,**

        **Counterclaim Defendant.**

### PROPOSED FINDINGS AND RECOMMENDATION

This matter, which is assigned to the Honorable Thomas E. Johnston, United States District Judge, and referred to the undersigned for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B), is presently proceeding on the plaintiffs' Amended Complaint (ECF No. 76).

The Amended Complaint contains eleven counts:  Count One – Defamation; Count Two – Fraud; Count Three – Trademark Infringement; Count Four – Copyright Infringement; Count Five – Civil RICO; Count Six – Violation of West Virginia Anti-

Organized Criminal Enterprise Act; Count Seven – Tortious Interference with Existing and/or Prospective Business Relations; Count Eight – Unauthorized Practice of Law; Count Nine – Abuse of Process; Count Ten – Contempt of Court; and Count Eleven – Violation of Naked Licensing Doctrine.  The defendants have also filed counterclaims seeking damages and injunctive relief from Gerald Mollohan and Frank J. Visconi for tortious interference with a protected trademark.  (ECF No. 78 at 5-8).

Pending before the court are three Motions to Dismiss filed by the defendants (ECF Nos. 36, 50-1 and 77), eight motions for various forms of injunctive relief filed by the plaintiffs (ECF Nos. 32, 46, 47, 48, 52, 54, 55 and 87), and two motions filed by the plaintiffs that are construed as motions for declaratory relief (ECF Nos. 57 and 58). Also pending are the plaintiff's Motion to Moot Defendants' Answer, Motion to Dismiss and Counterclaim (ECF No. 41), the plaintiff's Motion to Strike Defendants' Motion to Dismiss (ECF No. 79), and the plaintiff's Motion to Dismiss Defendants' Answer and Objection to Defendants' Answer and Counterclaim (ECF No. 81).  The undersigned will address each category of motions in turn.

## A. The Defendants' Motions to Dismiss and the Plaintiff's Motions to Moot or Dismiss Defendants' Answers, Motions to Dismiss and Counterclaims.

The defendants have filed three separate Motions to Dismiss (ECF Nos. 32, 50-1 and 77).  The first motion (ECF No. 36) is contained in the same document as the defendants' initial Answer and Counterclaim (ECF No. 35) which was filed on March 12, 2014.  The Motion to Dismiss simply states that the defendants move to dismiss the initial Complaint pursuant to Rule 12(b)(6) "as it fails to state a claim or cause of action against them."  (ECF No. 36 at 2).  The Motion to Dismiss further states that "there is no diversity of citizenship and the plaintiff has not made a good faith allegation as to the

amount in controversy and therefore the minimum amount in controversy is not met."[1] (*Id.*)

The defendants' second Motion to Dismiss (ECF No. 50-1) was filed on April 16, 2014. That motion seeks dismissal of this civil action based upon *res judicata*. In the alternative, the motion requests that the court consolidate this civil action with Case No. 2:11-cv-00104, which was still pending before this District Court at that time, but is currently on appeal to the United States Court of Appeals for the Fourth Circuit. (ECF No. 50-2).

The defendants' third Motion to Dismiss (ECF No. 77) was filed on September 22, 2014, in response to the plaintiff's Amended Complaint. That motion simply states that "the Complaint fails to set forth a cause of action against them pursuant to Rule 12(b)(6)" with no further support.

The first two motions (ECF Nos. 36 and 50-1) were filed prior to the filing of the plaintiffs' Amended Complaint and are essentially mooted by that filing. Moreover, all three motions were filed without an accompanying memorandum of law as required by Rule 7.1(a)(2) of the Local Rules of Civil Procedure for the United States District Court for the Southern District of West Virginia. Rule 7.1(a)(2) further provides that "If a memorandum is not submitted as required by this rule or by the court, the motion will be denied without prejudice." L. R. Civ. P. 7.1(a)(2) (as amended November 18, 2013).[2]

---

[1] The undersigned notes that this contention is of no moment as the plaintiffs have pled claims involving matters that arise under federal statutes which would invoke the court's federal question jurisdiction under 28 U.S.C. § 1331, as well as state law claims that may potentially be addressed under the court's pendant jurisdiction, notwithstanding any lack of diversity of citizenship.

[2] The parties are required to comply with both the Federal Rules of Civil Procedure and this court's Local Rules, which are available on the court's website, www.uscourts.gov. Further non-compliance with these rules may result in a recommendation for sanctions.

In accordance with Local Rule 7.1(a)(2), it is respectfully **RECOMMENDED** that the presiding District Judge **DENY WITHOUT PREJUDICE** all three of the defendants' Motions to Dismiss (ECF Nos. 36, 50-1 and 77).  Furthermore, in light of the fact that the prior proceeding involving these parties (Case No. 2:11-cv-00104) is currently on appeal to the Fourth Circuit (Appeal Nos. 14-813 and 14-815), this court lacks jurisdiction over that matter.  Consequently, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the defendants' Motion to Consolidate this civil action with that case (ECF No. 50-2).

On March 17, 2014, the plaintiff filed a Motion to Moot Defendants' Answer, Motion to Dismiss and Counterclaim (ECF No. 41), which challenges the format and timeliness of the defendants' initial Answer, Motion to Dismiss and Counterclaim (ECF Nos. 35 and 36).  On October 1, 2014, the plaintiff filed a Motion to Strike Defendants' Motion to Dismiss (ECF No. 79), requesting that the court strike the defendants' second Motion to Dismiss (ECF No. 77).  This document is essentially a response in opposition to such Motion to Dismiss and provides no valid reason for striking the motion.  On October 7, 2014, the plaintiff filed a Motion to Dismiss Defendants' Answer and Objections to Defendants' Answer and Counterclaim (ECF No. 81), which is largely based upon the plaintiff's continued assertions that the defendants were in default.

In light of the proposed findings to deny defendants' Motions to Dismiss (ECF No. 36, 50-1 and 77), without prejudice, and the defendants' timely filing of an Answer and Counterclaim to the plaintiffs' Amended Complaint, and the presiding District Judge's prior Memorandum Opinion and Order (ECF No. 75) denying the plaintiff's Motions for Default Judgment, these motions are now moot.  Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's

Motion to Moot Defendants' Answer, Motion to Dismiss and Counterclaim (ECF No. 41), the plaintiff's Motion to Strike Defendants' Motion to Dismiss (ECF No. 79) and the plaintiff's to Dismiss Defendants' Answer and Objections to Defendants' Answer and Counterclaim (ECF No. 81).

### B.      The plaintiff's Motions for Injunctive Relief.

The plaintiffs have filed the following motions seeking various forms of injunctive relief:  the plaintiffs' Motion for Injunction Against Defendants for Copyright Infringement (ECF No. 32), filed on March 4, 2014; the plaintiffs' Motion to Order the Immediate Cancellation of Defendants' Membership Mark Registration No. 2926222 (ECF No. 46), filed on April 9, 2014; the plaintiffs' Motion for Order to Immediately Cancel Defendants' Mark (ECF No. 47), filed on April 10, 2014; the plaintiffs' Motion to Order the Immediate Cancellation of Defendants' Membership Mark Registration No. 2926222 (ECF No. 48), filed on April 10, 2014[3]; the plaintiffs' Motion for Judicial Dissolution of Defendants' West Virginia Corporation and All Branch Chapters (ECF No. 52), filed on April 21, 2014; the plaintiffs' Motion to Cancel Defendants' Mark Due to Naked Licensing and Failure to Police (ECF No. 54) filed on April 22, 2014; the plaintiffs' Motion for Injunction Against Defendants for Copyright Infringement (ECF No. 55)[4], filed on April 24, 2014; and Plaintiffs' and Counterclaim Defendants' Motion

---

[3] The body of the motions filed in ECF Nos. 46, 47 and 48 are essentially identical and seek the identical relief of a court order for the immediate cancellation of the defendants' trademark registered by the United States Patent and Trademark Office as Registration No. 2926222 based upon the plaintiffs' interpretation of Trademark Manual of Examining Procedure ("TMEP") § 1304.02.

[4]    This motion seeks relief identical to that in ECF No. 32, requesting that the court declare the defendants' by-laws "null and void" because they allegedly infringe on the plaintiff's copyright.  This motion also requests that the court order the defendants to shut down any website or social media sites on the Internet.

for Injunction Against Defendants for Trademark and Copyright Infringement (ECF No. 87) filed on October 21, 2014.[5]

The undersigned construes all of these motions as seeking preliminary injunctive relief based upon legal claims that the plaintiffs/counterclaim defendants assert will ultimately entitle them to such relief on a permanent basis.  In 2009, the United States Court of Appeals for the Fourth Circuit revisited the applicable standard of review for preliminary injunctions in the case of *The Real Truth About Obama*, 575 F.3d 342 (4th Cir. 2009) (hereinafter "*Real Truth*")[6], in light of the Supreme Court's decision in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 172 L. Ed.2d 249 (2008).  As noted by the *Real Truth* Court:

> A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief *pendente lite* of the type available after the trial.  *See In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524-26 (4th Cir. 2003); *see also De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220-21, 65 S. Ct. 1130, 80 L. Ed. 1566 (1945).  Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by "a clear showing" that, among other things, it is likely to succeed on the merits at trial.  *Winter*, 129 S. Ct. at 376; *see also Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed.2d 162 (1997) (per curiam). * * *
>
> In its recent opinion in *Winter*, the Supreme Court articulated clearly what must be shown to obtain a preliminary injunction, stating that the plaintiff must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Winter*, 129 S. Ct. at 374.  And all four requirements must be satisfied.  *Id.*  Indeed, the Court in *Winter* rejected a

---

[5]  This motion essentially combines the plaintiffs'/counterclaim defendants' requests for injunctive relief based on their trademark and copyright infringement arguments, and is the only motion for injunctive relief that has been filed since the filing of the Amended Complaint upon which this action is now proceeding.

[6]  Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case.  *See* 575 F.3d at 345-347.

standard that allowed the plaintiff to demonstrate only a "possibility" of irreparable harm because that standard was "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375-76.

575 F.3d 345-46.

The *Real Truth* decision emphasizes that "the *Winter* requirement that the plaintiff clearly demonstrate that [he] will likely succeed on the merits is far stricter than the [*Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977)] requirement that the plaintiff demonstrate only a grave or serious *question* for litigation." *Id.* at 346-47.  The *Real Truth* further distinguishes the *Winter* standard from the old *Blackwelder* standard because it no longer requires the court to balance the irreparable harm to the respective parties, but rather requires the plaintiff to make a clear showing that he is likely to be irreparably harmed, and that the court must pay particular attention to the public consequences in employing the extraordinary remedy of an injunction.  The Court again emphasized that <u>all four</u> factors must be met in order to justify this extraordinary relief.  *Id.* at 347.  Thus, the Court stated that the standard articulated in *Winter* would henceforth govern the issuance of preliminary injunctions in the all federal courts.  *Id.*  Whether a preliminary injunction should issue rests in the sound discretion of the court. *See Meccano. Ltd. v. John Wanamaker, New York*, 253 U.S. 136, 141 (1920) (granting of preliminary injunction in patent and copyright infringement case was within discretion of trial court).

The parties are involved in on-going proceedings before the United States Patent and Trademark Office's Trademark Trial and Appeal Board concerning the validity and potential cancellation of marks presently registered to both the Brothers of the Wheel M.C. Executive Council, Inc. and Gerald Mollohan.  Furthermore, the prior case which

initially addressed the issue of Mr. Mollohan's alleged infringement of the defendants'
registered mark is still on appeal to the Fourth Circuit.  Moreover, the record presently
before the court in the instant action is inadequate for the court to determine the
current rights of the parties and the plausibility of the plaintiffs' claims and the
defendants' counterclaims concerning trademark and copyright infringement.

Thus, the undersigned proposes that the presiding District Judge **FIND** that,
presently, the plaintiff has not clearly demonstrated that he is likely to succeed on the
merits of the claims related to his various motions for injunctive relief, or that he is
likely to be irreparably harmed in the absence of such preliminary relief.  Therefore,
because the plaintiff cannot meet all four *Winter* factors, the undersigned proposes that
the presiding District Judge **FIND** that all of the plaintiff's motions for preliminary or
extraordinary injunctive relief must be denied.  (*Id.*)  Consequently, it is respectfully
**RECOMMENDED** that the presiding District Judge **DENY WITHOUT
PREJUDICE** the plaintiffs' Motion for Injunction Against Defendants for Copyright
Infringement (ECF No. 32), the plaintiffs' Motion to Order the Immediate Cancellation
of Defendants' Membership Mark Registration No. 2926222 (ECF No. 46), the plaintiffs'
Motion for Order to Immediately Cancel Defendants' Mark (ECF No. 47), the plaintiffs'
Motion to Order the Immediate Cancellation of Defendants' Membership Mark
Registration No. 2926222 (ECF No. 48), the plaintiffs' Motion for Judicial Dissolution
of Defendants' West Virginia Corporation and All Branch Chapters (ECF No. 52), the
plaintiffs' Motion to Cancel Defendants' Mark Due to Naked Licensing and Failure to
Police (ECF No. 54), the plaintiffs' Motion for Injunction Against Defendants for
Copyright Infringement (ECF No. 55), and Plaintiffs' and Counterclaim Defendants'
Motion for Injunction Against Defendants for Trademark and Copyright Infringement

(ECF No. 87) and leave this matter referred to the undersigned United States Magistrate Judge for additional proceedings.

### C.     The plaintiff's Motions for Declaratory Relief.

Also pending are the plaintiff's Motion to Find Defendants in Violation of the Lanham Act – Naked Licensing Law (ECF No. 57) and the plaintiff's Motion to Show the Court that Defendants' RICO Enterprise Generated Large Sums of Cash and Motion to Find Defendants' Guilty of Conspiracy to Commit Obstruction of Justice, Perjury and Mail Fraud (ECF No. 58).  The undersigned construes these motions to be seeking declaratory relief on the merits of the plaintiffs' claims under the trademark and civil RICO statutes.  At this point in the case, such motions are premature.  As noted above, the plaintiffs have not presently made any clear showing that they are entitled to relief on these claims and there are numerous issues of law and fact that are still in dispute. Accordingly, the undersigned proposes that that the presiding District Judge **FIND** that these motions asking the court to declare that the defendants have violated the Lanham Act and have engaged in conduct that could potentially serve as evidence of a pattern of racketeering activity are premature.  Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** these motions (ECF No. 57 and 58) without prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the

Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing parties and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

February 20, 2015

Dwane L. Tinsley
United States Magistrate Judge

10