IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

GERALD R. MOLLOHAN and
BROTHERS OF THE WHEEL
MOTORCYCLE CLUB NOMADS, INC.,

      Plaintiff/Counterclaim Defendant,

v.                                Case No. 2:13-cv-32251

PAUL D. WARNER,
RAY EDWIN CAREY,
GEORGE KUHN,
DONALD PRICE (Deceased),
BROTHERS OF THE WHEEL M.C.
EXECUTIVE COUNCIL, INC., and
JOHN DOES 1-50/JANE DOES 1-50,

      Defendants/Counterclaim Plaintiffs,

v.

FRANK J. VISCONI,

      Counterclaim Defendant.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter, which is assigned to the Honorable Thomas E. Johnston, United States District Judge, and referred to the undersigned for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B), is presently proceeding on the plaintiff's Amended Complaint (ECF No. 76).

The Amended Complaint contains eleven counts:  Count One – Defamation; Count Two – Fraud; Count Three – Trademark Infringement; Count Four – Copyright Infringement; Count Five – Civil RICO; Count Six – Violation of West Virginia Anti-

Organized Criminal Enterprise Act; Count Seven – Tortious Interference with Existing and/or Prospective Business Relations; Count Eight – Unauthorized Practice of Law; Count Nine – Abuse of Process; Count Ten – Contempt of Court; and Count Eleven – Violation of Naked Licensing Doctrine.  The defendants have also filed counterclaims seeking damages and injunctive relief from Gerald Mollohan and Frank J. Visconi for tortious interference with a protected trademark.  (ECF No. 78 at 5-8).

On this same date, the undersigned has addressed and denied, without prejudice, various motions, including motions for joinder of additional defendants and motions to file additional information concerning the plaintiff's civil RICO claim (ECF Nos. 82, 85, 91, 92, 95 and 97).  However, the motion in ECF No. 85 contained a separately titled Motion for Summary Judgment (ECF No. 85-2).  Although not addressed in the headings of the motions contained in ECF Nos. 82, 91, 92 and 95 the body of each of those motions contains similar language to that in ECF No. 85, requesting "summary judgment" and to "grant Plaintiff a Permanent Injunction prohibiting the Defendants and anyone associated with the Defendants from operating a business using the Plaintiff's Registered Trademark and Copyrights."  (ECF No. 82 at 3; ECF No. 85 at 6-7; ECF No. 91 at 10-11; ECF No. 92 at 3) [spelling and grammar corrected].  These motions also request that the court order that any of the defendants' corporate registrations on file with the Secretaries of State in West Virginia, Kentucky and Ohio, including any branch chapters, be immediately revoked and those corporations be closed and dissolved (or ownership thereof transferred to the plaintiff).  (*Id.*; *see also* ECF No. 95 at 4).  These motions further request that the defendants' internet websites, www.botwmc.com and www.brothersofthewheelmc.com, or other social media accounts using the name

"Brothers of the Wheel," be closed and dissolved or transferred to the plaintiff's ownership. (*Id.*)

The undersigned construes all of these motions to be seeking preliminary or permanent injunctive relief concerning the plaintiff's/counterclaim defendants' trademark and copyright infringement and civil RICO claims contained in the Amended Complaint. In *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), the Supreme Court articulated clearly what must be shown to obtain a preliminary injunction, stating that the plaintiff must establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." And all four requirements must be satisfied. *Id.*

The record presently before the court is inadequate for the court to determine the current rights and liabilities of the parties and the plaintiff's/counterclaim defendants' likelihood of success on any of these claims. Thus, the undersigned proposes that the presiding District Judge **FIND** that, presently, the plaintiff has not clearly demonstrated that he is likely to succeed on the merits of the claims related to his various motions for injunctive relief, or that he is likely to be irreparably harmed in the absence of such preliminary relief. Therefore, because the plaintiff cannot meet all four *Winter* factors, the undersigned proposes that the presiding District Judge **FIND** that all of the plaintiff's motions for preliminary or extraordinary injunctive relief must be denied. (*Id.*) Moreover, at this juncture, any request for summary judgment is premature.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY WITHOUT PREJUDICE** the plaintiff's Motion for

Summary Judgment (ECF No. 85-2) and all similar requests for summary judgment and permanent injunctive relief contained in ECF Nos. 82, 91, 92 and 95.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing parties and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

September 4, 2015

Dwane L. Tinsley
United States Magistrate Judge

4