IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

GERALD R. MOLLOHAN and
BROTHERS OF THE WHEEL
MOTORCYCLE CLUB NOMADS, INC.,

    Plaintiff/Counterclaim Defendant,

v.                                                           Case No. 2:13-cv-32251

PAUL D. WARNER,
RAY EDWIN CAREY,
GEORGE KUHN,
DONALD PRICE (Deceased),
BROTHERS OF THE WHEEL M.C.
EXECUTIVE COUNCIL, INC., and
JOHN DOES 1-50/JANE DOES 1-50,

    Defendants/Counterclaim Plaintiffs,

v.

FRANK J. VISCONI,

    Counterclaim Defendant.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court are the following motions: the plaintiff's/counterclaim defendants' Motion to Cancel Trademark (ECF No. 104), the plaintiff's/counterclaim defendants' Motion to Cancel Trademark (ECF No. 109), and the plaintiff's/counterclaim defendants' Motion for Injunction against Defendants/Counterclaim Plaintiffs for Trademark and Copyright Infringement (ECF No. 110). The undersigned construes all of these motions to be seeking preliminary or permanent injunctive relief concerning the plaintiff's/counterclaim defendants' trademark and copyright infringement claims

contained in the Amended Complaint and are redundant to similar motions previously filed and denied by the presiding District Judge.

In *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), the Supreme Court articulated clearly what must be shown to obtain a preliminary injunction, stating that the plaintiff must establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." And all four requirements must be satisfied. *Id.*

The record presently before the court is inadequate for the court to determine the current rights and liabilities of the parties and the plaintiff's/counterclaim defendants' likelihood of success on any of these claims. Thus, the undersigned proposes that the presiding District Judge **FIND** that, presently, the plaintiff has not clearly demonstrated that he is likely to succeed on the merits of the claims related to his various motions for injunctive relief, or that he is likely to be irreparably harmed in the absence of such preliminary relief. Therefore, because the plaintiff cannot meet all four *Winter* factors, the undersigned proposes that the presiding District Judge **FIND** that all of the plaintiff's motions for preliminary or extraordinary injunctive relief must be denied. (*Id.*) Moreover, at this juncture, any request for summary judgment is premature. By separate Order, the undersigned has scheduled a status conference/hearing to address numerous outstanding issues in this case and a related matter. Case No. 2:15-cv-12157.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY WITHOUT PREJUDICE** the plaintiff's/counterclaim defendants' Motion to Cancel Trademark (ECF No. 104), the plaintiff's/counterclaim

defendants' Motion to Cancel Trademark (ECF No. 109), and the plaintiff's/counterclaim defendants' Motion for Injunction against Defendants/Counterclaim Plaintiffs for Trademark and Copyright Infringement (ECF No. 110).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

February 25, 2016

Dwane L. Tinsley
United States Magistrate Judge