IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

GERALD R. MOLLOHAN and
BROTHERS OF THE WHEEL
MOTORCYCLE CLUB NOMADS,

      **Plaintiff/Counterclaim Defendant,**

v.                                                       **Case No. 2:13-cv-32251**

PAUL D. WARNER, *et al.*,

      **Defendants/Counterclaim Plaintiffs,**

v.

FRANK J. VISCONI,

      **Counterclaim Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and referred to the undersigned for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Pending before the court are the "Plaintiff's Motion for Leave to File Supplementary Pleading[1]:  Motion to Cancel Defendants' By-Laws or in the alternative, Motion to Dissolve Defendants' Corporations and By-Laws" (ECF No. 112), the "Plaintiff's Motion to Find That

---

[1]  The undersigned has repeatedly instructed the plaintiffs/counterclaim defendants that it is not necessary or appropriate to title each motion filed as a "Motion to File Supplementary Pleading," as many of the motions filed by the plaintiffs/counterclaim defendants are not appropriately construed as motions to amend or supplement a "pleading" such as the Amended Complaint.  Rather, as has been their practice throughout this litigation, the plaintiffs/counterclaim defendants continue to file piecemeal motions seeking a summary ruling on relief sought in the Amended Complaint, despite the fact that there is a demand for such relief contained in the Amended Complaint itself, the merits of which will be taken up when all of the claims are ripe for adjudication.

Defendants Have Been in Violation of 18 U.S.C. § 241 – Conspiracy Against Rights" (ECF No. 113), plaintiff Gerald Mollohan's "Motion to Find Defendants in Violation of Collusive Fraud Practices" (ECF No. 199), the "Plaintiff's Motion for Tortious Interference by Defendants with Existing and/or Prospective Business Relations of the Plaintiffs" (ECF No. 216), the "Plaintiff's Motion to Cancel Defendants' By-Laws, to Dissolve Defendants' Parent Corporation, Sub-Corporation/Branch Chapters" (ECF No. 244). The undersigned will address each motion in turn.[2]

### A. Motions to Cancel Defendants' By-Laws or, in the alternative, Motion to Dissolve Defendants' Corporations and By-Laws, the Motion to Find Defendants in Violation of Collusive Fraud Practices, and the Motion for Tortious Interference by Defendants with Existing and/or Prospective Business Relations of the Plaintiffs

On August 31, 2015, the plaintiffs/counterclaim defendants filed a "Motion to Cancel Defendants' By-Laws or, in the alternative, Motion to Dissolve Defendants' Corporations and By-Laws" (ECF No. 112). On May 12, 2016, plaintiff/counterclaim defendant Gerald Mollohan filed a "Motion to Find Defendants in Violation of Collusive Fraud Practices" (ECF No. 199). On May 25, 2016, the plaintiff/counterclaim defendant Gerald Mollohan filed a "Motion for Tortious Interference by Defendants with Existing and/or Prospective Business Relations of the Plaintiffs" (ECF No. 216). On June 15, 2016, plaintiff/counterclaim defendant Gerald Mollohan filed a very similar "Motion to Cancel Defendants' By-Laws, to Dissolve Defendants' Parent Corporation, Sub-Corporations/Branch Chapters" (ECF No. 244).

---

[2] By a separate Order, the undersigned will address the plaintiffs'/counterclaim defendants' Motion to Dismiss and Find as Moot their Motion for Extension of Time to Respond to Proposed Findings and Recommendation (ECF No. 126). There are in excess of 30 other motions that are pending and under consideration by the undersigned at this time.

As has been found with a number of similar motions previously filed by the plaintiffs/counterclaim defendants, the undersigned construes these motions to be seeking preliminary or permanent injunctive relief or summary judgment concerning various claims contained in the Amended Complaint.  Under the standard set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008),[3] the record presently before the court is inadequate for the court to determine the current rights and liabilities of the parties and the plaintiff's/counterclaim defendants' likelihood of success on any of these claims.  Thus, the undersigned proposes that the presiding District Judge **FIND** that, presently, the plaintiff has not clearly demonstrated that he is likely to succeed on the merits of the claims related to his various motions for injunctive relief, or that he is likely to be irreparably harmed in the absence of such preliminary relief. Therefore, the plaintiffs/counterclaim defendants cannot meet all four *Winter* factors. Moreover, these issues are not yet ripe for adjudication under a summary judgment standard.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the plaintiffs/counterclaim defendants are not presently entitled to the relief sought in the "Plaintiff's Motion to Cancel Defendants' By-Laws or in the alternative, Motion to Dissolve Defendants' Corporations and By-Laws" (ECF No. 112), the "Motion to Find Defendants in Violation of Collusive Fraud Practices" (ECF No. 199), the "Plaintiff's Motion for Tortious Interference by Defendants with Existing and/or Prospective Business Relations of the Plaintiffs" (ECF No. 216) and the "Plaintiff's Motion

---

[3]  In order to obtain preliminary injunctive relief, a plaintiff must establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest."  And all four requirements must be satisfied.  *Id.*

to Cancel Defendants' By-Laws, to Dissolve Defendants' Parent Corporation, Sub-Corporation/Branch Chapters" (ECF No. 244).

### B.  Motion to Find Defendants Have Violated 18 U.S.C. § 241.

The plaintiffs/counterclaim defendants have also filed a motion seeking a declaration from the court that the defendants have been in violation of 18 U.S.C. § 241, which governs conspiracies to violate civil rights.  (ECF No. 113).  However, 18 U.S.C. § 241 is a criminal statute and does not provide for a private civil cause of action.  *Henry v. Albuquerque Police Dept.*, 49 F. App'x 272, 273 (10th Cir. 2002); *see also Fed. Sav. & Loan Ins. Corp v. Reeves*, 816 F.2d 130, 137-38 (4th Cir. 1987) (holding that there is no civil cause of action for an alleged violation of a federal criminal statute unless Congress intended to provide such a remedy).  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the Motion to Find That Defendants Have Been in Violation of 18 U.S.C. § 241 – Conspiracy Against Rights (ECF No. 113) lacks merit and should be denied.  To the extent that the body of the motion seeks a declaration that the defendants "have conspired to 'injure, oppress, threaten or intimidate'" Mollohan for exercising his federal rights, the undersigned proposes that the presiding District Judge **FIND** that such issue is not yet ripe for summary adjudication.

### RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY WITHOUT PREJUDICE** the "Plaintiff's Motion for Leave to File Supplementary Pleading:  Motion to Cancel Defendants' By-Laws or in the alternative, Motion to Dissolve Defendants' Corporations and By-Laws" (ECF No. 112) and the "Plaintiff's Motion to Find That Defendants Have Been in Violation of 18 U.S.C. § 241 – Conspiracy Against Rights" (ECF No. 113), the "Motion to Find Defendants in

4

Violation of Collusive Fraud Practices" (ECF No. 199), the "Plaintiff's Motion for Tortious Interference by Defendants with Existing and/or Prospective Business Relations of the Plaintiffs" (ECF No. 216) and the "Plaintiff's Motion to Cancel Defendants' By-Laws, to Dissolve Defendants' Parent Corporation, Sub-Corporation/Branch Chapters" (ECF No. 244).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing parties and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

August 26, 2016

Dwane L. Tinsley
United States Magistrate Judge